IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL GRIM,

        Petitioner,                    No. CIV S-08-1462 GEB KJM P

    vs.

D.K. SISTO, Warden,

        Respondent.                ORDER

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus, challenging a denial of parole. On May 12, 2009, petitioner filed a motion for an extension of time to file his traverse and for a stay of proceedings until after the resolution of the petition for rehearing in Hayward v. Marshall, 512 F.3d 356 (9th Cir. 2008), rehearing en banc granted, 527 F.3d 797 (9th Cir. 2008). Respondent has not opposed the motion.

        Petitioner is correct that the Ninth Circuit's en banc decision could have a significant effect on the outcome of the petitioner's application. The "[s]pecial solicitude" that attends this case and many other habeas petitions already pending before the court would be thwarted, and the petitioners prejudiced, if the court were to hazard an incorrect guess about the reasoning and decision of the en banc panel in Hayward, only to start another round of briefing

once that decision was announced. Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) (stating that in habeas cases "[s]pecial solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement'"). On the other hand, the court must be mindful not to impose an indefinite stay that runs the risk of lasting an oppressively long time. See Yong, 208 F.3d at 1020 ("we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case"). Therefore the court will grant a stay until the Ninth Circuit issues its decision. Petitioner will have sixty days from the issuance of the Hayward decision in which to file his traverse.

Accordingly, IT IS HEREBY ORDERED that the request for a stay (docket no. 15) is granted in part and denied in part. This action is stayed until the date the Ninth Circuit's en banc decision in Hayward v. Marshall is announced. Petitioner shall have sixty days from that date in which to file a traverse.

DATED: June 19, 2009.

_U.S. MAGISTRATE JUDGE_

1

grim1462.sty